UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GF&C HOLDING COMPANY,<br><br>                  Plaintiff,<br>   v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, and HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY,<br><br>                Defendants. | Case No. 1:11-cv-00236-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Joint Motion for Leave to Designate Substitute Expert Witness (Dkt. 28), and Plaintiff's Request for Orders: 1) Shortening Time on Joint Motion for Leave to Designate Substitute Expert Witness; and 2) Extending Plaintiff's Time to Respond to Defendants' Motion for Summary Judgment (Dkt. 29).[1]

## BACKGROUND

Pursuant to the parties' stipulated litigation plan, the Court set the expert disclosure deadlines as follows: (1) Plaintiffs were to disclose the experts they intended at trial on or before July 30, 2012; (2) Defendants were to disclose their experts intended to be called at trial on or before August 29, 2012; and (3) Rebuttal experts were to be

---

[1] During an informal conference between counsel and the Court's staff, the parties agreed to an expedited briefing schedule on the request to shorten time on joint motion. Accordingly, that section of the motion is moot.

MEMORANDUM DECISION AND ORDER - 1

identified on or before September 12, 2012. The Court set the dispositve motion deadline

for October 31, 2012. Due to Plaintiff's expert's untimely demise, the parties stipulated to

extend the expert disclosure deadlines by approximately thirty days. The Court adopted

the stipulation and extended the deadlines to September 28, 2012, October 29, 2012, and

November 27, 2012 respectively.

Plaintiff did not designate an expert by the September 28 deadline. Defendants

then filed their motion for summary judgment on October 31, 2012, the deadline for

filing dispositive motions. On November 6, 2012, Plaintiff filed its motion to designate a

substitute expert, and motion to extend the time to respond to the motion for summary

judgment. During an informal conference between counsel and the Court's staff,

Defendants' counsel indicated that Defendants do not oppose a short extension of time

for Plaintiff to file its response to the motion for summary judgment. However,

Defendants oppose the motion to designate a substitute expert. That issue is now fully

briefed and before the Court.

## ANALYSIS

Plaintiff essentially seeks another extension of time to disclose its expert witness.

Federal Rule of Civil Procedure 16(b)(4) states that a court's scheduling order "may be

modified only for good cause and with the judge's consent." Plaintiff has not met the

good cause standard.

Plaintiff's earlier request to extend the time to disclose its expert because of the

untimely demise of William Walker clearly met the good cause standard. Accordingly,

MEMORANDUM DECISION AND ORDER - 2

both the Defendants and the Court agreed to the extension. However, Plaintiff's recent request is much different.

Plaintiff's counsel explains that although he retained a new expert, Kevin Dawson, after Walker's demise in August, Dawson failed to produce his expert report, but repeatedly promised to do so. *Pl.'s Br.* at 2, Dkt. 28-1. Plaintiff's counsel explains that he told Dawson that his report in the related *Crandall* case was due by September 24, and that the report in this case was due September 28. *Schoppe Decl.*, pp. 2-3, Dkt. 28-2. Counsel asked Dawson to give him a report by September 9 so he could review it during his extended vacation. *Id.* at 3. Dawson did not produce the report by September 9. *Id.*

Counsel then asked Dawson to produce the report by September 21. *Id.* Again, Dawson failed to produce it. *Id.* Dawson finally produced the *Crandall* report on September 24, the disclosure deadline in that case. *Id.*

Counsel indicates that the September 28 disclosure deadline in this case came and went without receiving a report from Dawson. *Id.* However, instead of explaining the situation to the Court, or asking opposing counsel or the Court for another extension at that time, counsel spent the next month trying to get a report from Dawson. *Id.* Somewhat strangely, counsel notes that during his conversations with Dawson that month, Dawson explained that there was no coverage under the policies at issue in this case, but "by the end of our conversation . . . acknowledged that the policies did in fact offer the coverage . . . ." *Id.* at 4. The Court will not presume to read too much into this comment, but it

**MEMORANDUM DECISION AND ORDER - 3**

strikes the Court as odd, and suggests there may be additional reasons why Plaintiff

wants a new expert.

For some reason, counsel then gave Dawson another deadline for producing his

report – October 12. *Id.* Counsel did this knowing the deadline for disclosing the expert

had passed, explaining that he "believed that it would be easier to meet [a tardiness

objection] than to seek leave to obtain a substitute expert . . . ." *Id.* Dawson did not

produce the report by October 12.

Again, instead of asking for another extension at that time, counsel and his client

apparently continued trying to get the report from Dawson until "Dawson stopped

responding entirely, and confirmed by his silence in response to [counsel's] October 28

email to him expressing [counsel's] belief that he had abandoned his work on all three

cases. . . ." *Id.* Still, Plaintiff again failed to bring the matter to the Court's attention at

that point. Instead, Plaintiff waited until a week after Defendants filed their motion for

summary judgment to ask the Court for leave to extend the disclosure deadline and retain

another expert.

Under these circumstances, the Court cannot find good cause to extend the

disclosure deadline. At the very least, Plaintiff should have asked the Court for the

extension before the current deadline expired. The adage that it is better to ask for

forgiveness than permission is not the right approach. Defendants adhered to the

dispositive motion deadline and played their hand. Plaintiff cannot be allowed to reset the

game now, and pick another expert. Moreover, although Plaintiff goes to great lengths to

MEMORANDUM DECISION AND ORDER - 4

blame its failure to meet its disclosure deadline on Dawson, the blame falls on Plaintiff

for choosing its expert – an expert who apparently did not initially opine in a manner

consistent with Plaintiff's case. Accordingly, the Court will deny the motion.

## ORDER

### IT IS ORDERED THAT:

1.  Plaintiff's Joint Motion for Leave to Designate Substitute Expert Witness (Dkt. 28) is **DENIED**.

2.  Plaintiff's Request for Order Extending Plaintiff's Time to Respond to Defendants' Motion for Summary Judgment (Dkt. 29) **GRANTED**. Plaintiff shall file its response on or before **December 7, 2012**.

DATED: November 26, 2012

B. Lynn Winmill
Chief Judge
United States District Court